IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DEBRA WILLIAMS                                                                                    PLAINTIFF

vs.                                         Civil No. 1:06-cv-01049

MICHAEL J. ASTRUE[1]                                                                          DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Debra Williams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Dkt. No. 2).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

The application for DIB now before this Court was protectively filed on February 5, 2004.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The document numbers for this case are referenced by the designation "Dkt. No." The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 51). The application alleges an onset date of May 15, 2003 due to cardiac dysrhythmia,[3] hip pain, and neuropathy.[4] (Tr. 11, 50-56). The Plaintiff's application was initially denied on June 7, 2004 and again on reconsideration on August 18, 2004. (Tr. 29-38). The Plaintiff requested an administrative hearing which was held on June 24, 2005 in El Dorado, Arkansas. (Tr. 39-42, 254). The Plaintiff was present and was represented by an attorney, Denver Thornton, at the hearing. (Tr. 254). At the time of the hearing, the Plaintiff was fifty-one (51) years old with a high-school education. (Tr. 11, 257).

On September 19, 2005, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 11-15). The ALJ determined that the Plaintiff, at the time of the hearing, worked only two days a week. (Tr. 11). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the onset date. *Id.* The ALJ found the Plaintiff had been treated for depression, neuropathy, and cardiac dysrhythmia. (Tr. 14, Finding 3). The ALJ determined these impairments or combination of impairments, although severe, did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). (Tr. 14).

The ALJ also evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 13). The Plaintiff alleged experiencing severe and disabling pain to the extent she was unable to work. (Tr. 12). The ALJ analyzed these subjective complaints pursuant to *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). *Id.* The ALJ concluded that these subjective complaints were not credible because there were a number of

---

[3]An irregular heartbeat. *The Merck Manual of Diagnosis and Therapy* (17th Ed.) 1710-1740 (Mark Beers & Robert Berkow, eds., Merck Research Laboratories 1999) (1899).

[4] "Neuropathy" is generally described as "Peripheral Neuropathy" and is defined as "a syndrome of sensory loss, muscle weakness and atrophy, decreased deep tendon reflexes, and vasomotor symptoms, alone or in any combination." *Id.* at 1491.

2

inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment. (Tr. 13). Based upon this finding and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded that the Plaintiff only "experiences mild to moderate pain and has residual functional to lift/carry up to 10 pounds occasionally; sit 6 hours in an 8 hour day; and stand/walk 2 hours in an 8 hour day. . . . can occasionally climb, balance, stoop, bend, crouch, kneel, and crawl. [The Plaintiff's] environmental restrictions preclude exposure to chemicals, noise, humidity, dust, and temperature extremes, vibrations, gasses, and pulmonary irritants." (Tr. 13).

     The ALJ also determined whether the Plaintiff could perform her Past Relevant Work ("PRW"). (Tr. 14). Vocational Expert ("VE") Chandra Donnell testified at the administrative hearing and addressed the issue of whether the Plaintiff could perform her PRW. (Tr. 14). The VE testified the Plaintiff's PRW was limited to her work as an insurance clerk (sedentary, semi-skilled). (Tr. 14, 281). The VE testified that a hypothetical person with the same age, educational background, and work experience as the Plaintiff who had mild to moderate pain, the ability to perform work within the full range of the sedentary classification physical demands, the ability to occasionally climb, balance, stoop, bend, crouch, kneel, and crawl, and the inability to work around excessive chemicals, noise, humidity, dust, fumes, temperature extremes, vibrations, gases and other pulmonary irritants, could perform the Plaintiff's PRW as it was actually performed or as it was performed in the national economy. (Tr. 282-283). The VE also testified that the Plaintiff could perform work as an answering service operator for which there were 2,100 statewide positions and 250,000 nationwide positions. (Tr. 14, 283-284). Based upon the VE's testimony, the ALJ concluded that the Plaintiff was not disabled. (Tr. 14).

     On May 10, 2005, the Appeals Council declined to review this decision. (Tr. 3).

Subsequently, Plaintiff filed this action. (Dkt. No. 1). This case was referred to the undersigned on February 21, 2007. The Plaintiff and the Defendant have filed appeal briefs. (Dkt. Nos. 6-7). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic

4

techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

The Plaintiff brings the present appeal claiming that she is disabled because she "presently is limited exertionally to [working] two days per week." (Dkt. 6, Page 1). The Plaintiff does not claim that the she qualifies under one of the Listings. *Id.* Instead, she claims the ALJ's factual findings are not supported by substantial evidence in the record because (A) the ALJ improperly applied *Polaski* in his credibility determination, (B) the ALJ improperly determined the Plaintiff's RFC, and (C) the ALJ improperly phrased his hypothetical to the VE. *Id.* The Defendant argues

the ALJ properly applied *Polaski* in assessing the credibility of the Plaintiff's subjective complaints, properly determined the Plaintiff's RFC, and properly relied upon the testimony of the VE in determining that the Plaintiff could perform her PRW. (Dkt. No. 7).

**A. The ALJ's Credibility Determination**

The Plaintiff claims that, although the ALJ acknowledged *Polaski* and set forth the elements of *Polaski,* the ALJ failed to properly apply and consider the *Polaski* factors. (Dkt. No. 6, Page 5). The Plaintiff does not dispute that the ALJ applied the correct criteria in his credibility determination. (Dkt. No. 6, Page 5). Instead, the Plaintiff argues the ALJ improperly applied that criteria to the facts in the Plaintiff's case. (Dkt. No. 6, Pages 5-12). The Defendant argues the ALJ's credibility determination is entitled to deference and there is substantial evidence in the record to support that determination. (Dkt. No. 7, Pages 5-15).

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984). These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *Id.* at 1322. The ALJ is not required to methodically discuss each *Polaski* factors as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant. *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

Furthermore, the ALJ's judgment as to the credibility of plaintiff's allegations is within the province of the ALJ, who is not required to accept as true everything that the plaintiff alleges. *See*

6

*Moad v. Massanari,* 260 F.3d 887, 892 (8th Cir. 2001). The plaintiff's subjective complaints of pain and limitation may be discounted if they are inconsistent with the evidence as a whole. *See Black v. Apfel,* 143 F.3d 383, 386 (8th Cir. 1998).

This Court's standard for reviewing the ALJ's credibility determination is very deferential. *See Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). As long as the ALJ's credibility determination is supported by several valid reasons, this Court should uphold that determination. *See id.*; *Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007) (holding that "because the ALJ gave several valid reasons for finding Woodruff [the Plaintiff] and his wife were not entirely credible, the ALJ's credibility determination is entitled to deference.").

In the present action, the ALJ found that the Plaintiff's subjective complaints were not credible based upon four findings. (Tr. 13). First, the ALJ noted that, despite her complaints of disabling pain, the Plaintiff was able to perform a wide range of daily activities, including driving, shopping, performing household tasks, cooking, and gardening. *Id.* Second, the ALJ noted that there was no medical evidence in the record indicating that the Plaintiff was restricted in her ability to work. *Id.* Third, the ALJ noted that the results from the medical examination performed on May 12, 2004 (Tr. 200-206) disclosed that the claimant experienced moderate limitations in walking, lifting, and carrying, which were consistent with the exertional requirements for her work as a secretary. *Id.* Fourth and finally, the ALJ noted that the Plaintiff's symptoms of depression were not severe considering the extent of the Plaintiff's daily activities. *Id.*

The Plaintiff claims she is exertionally limited to working only two days per week. (Dkt. No. 6, Page 1). The Plaintiff argues that (1) her prior work record, (2) her daily activities, (3) the location, duration, frequency, and intensity of her pain, (4) the precipitating and aggrevating factors,

(5) the dosage, effectiveness, and side effects of her medication, and (6) her functional limitations and restrictions due to her pain and other symptoms all support her allegations of disabling pain.[5] (Dkt. No. 6, Pages 5-12). Assuming the Plaintiff's statements regarding these factors are accepted as true, these statements may support her credibility. The ALJ, however, made his credibility determination based upon the four findings listed above. The ALJ did not simply discount the subjective complaints of the Plaintiff but, instead, applied the *Polaski* factors and, based upon his application of those factors, determined that the Plaintiff's subjective complaints were not credible. (Tr. 13). Since the ALJ's credibility determination was based upon several valid findings, his determination is entitled to deference. *See Woodruff,* 2007 WL 913854, at *1; *Cox,* 471 F.3d at 907.

**B. The ALJ's RFC Determination**

The Plaintiff claims the ALJ erred in his RFC determination both by failing to consider the Plaintiff's impairments in combination and by determining that the Plaintiff retained the RFC to perform full-time sedentary work. (Dkt. No. 6, Pages 13, 17). The Defendant contends the ALJ did consider the Plaintiff's impairments in combination and the ALJ's RFC determination is supported by substantial evidence. (Dkt. No. 7, Pages 4, 15).

The Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See* 20 C.F.R. § 404.1523 (2007). In the present action, the ALJ considered the Plaintiff's impairments–depression, neuropathy, and cardiac dysrhythmia–which

---

[5] The Plaintiff explains these arguments in greater detail in her appeal brief. (Dkt. No. 6, Pages 5-12). This Court will highlight some of the arguments made in her brief but will not restate all of those arguments.

8

were supported by the Plaintiff's medical records . (Tr. 14). The ALJ determined the Plaintiff did "not have an *impairment or combination of impairments* listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulation No. 4." (Tr. 14, Finding 3) (emphasis added). The ALJ also determined the Plaintiff's "*subjective allegations*" were not borne out by the "*overall record*." (Tr. 14, Finding 4) (emphasis added). These statements indicate the ALJ properly considered the combined effects of the Plaintiff's impairments. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Furthermore, the ALJ discussed all of the Plaintiff's alleged impairments throughout his decision and did not segregate his discussion or findings for a particular impairment. (Tr. 11-13). Specifically, the ALJ noted the Plaintiff had a medical history of suffering from atrioventricular nodal reentrant tachycardia, hypothyroidism, decreased range of motion on the right side during cervical spine rotation, pain in the right hip, bilateral cyanosis in the lower extremities, decreased sensory abnormalities to light touch bilaterally within her feet, peripheral neuropathy, moderate limitations while walking, lifting, and carrying, right hip pain, hypercholesterolemia, sciatica, cardiac dysrhythmia, pain in her back, insomnia, and shortness of breath. *Id.*

This Court finds the ALJ did consider the Plaintiff's impairments in combination. The Plaintiff has alleged a number of impairments. (Tr. 11-13, 259-279). However, simply because the Plaintiff has alleged a long list of medical problems does not mean that these alleged problems are credible or that they combine to result in a disability. The ALJ's opinion sufficiently indicates

that the ALJ properly considered the combined effects of the Plaintiff's impairments. *See Hajek,* 30 F.3d at 92. The ALJ properly considered the severity of the combination of the Plaintiff's impairments. *Id.*

This Court also finds that the ALJ did not err in his RFC determination. A plaintiff's RFC is what he or she can do despite his or her limitations, and the plaintiff's RFC is based upon all the relevant evidence, including medical records, observations by treating physicians and others, as well as the claimant's own descriptions of his or her limitations. *See* 20 C.F.R. § 404.1545; *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001). While the ALJ has the responsibility to determine the RFC, it is still the plaintiff's burden, not the defendant's burden, to prove his or her RFC. *See Baldwin v. Barnhart,* 349 F.3d 549, 556 (8th Cir. 2003). The only evidence provided by the Plaintiff to support her claim that she is unable to work a forty-hour week is subjective evidence, which was discounted by the ALJ. (Tr. 13). None of the medical evidence indicates that the Plaintiff is restricted in her ability to work a forty-hour sedentary job.[6] (Tr. 93-253). The only work restrictions in the medical records are moderate restrictions on walking, lifting, and carrying. (Tr. 200-206). Since the Plaintiff has not brought forth any reliable evidence indicating she is limited in her ability to work a forty-hour week, the she has not met her burden of establishing any limitations on her RFC, and the ALJ did not err in making his RFC determination. *See Cox v. Apfel*, 160 F.3d at 1206.

**C. The ALJ's Hypothetical to the VE**

The Plaintiff contends that the ALJ's second hypothetical to the VE was improper because

---

[6] The majority of these medical records also predate the alleged onset date of May 15, 2003 and the relevant time period for the purposes of DIB. *See Pyland v. Apfel,* 149 F.3d 873, 876-77 (8th Cir. 1998)

10

this hypothetical did not include all of the limitations the ALJ found or should have found credible. (Dkt. No. 6, Page 18).  The Plaintiff contends the symptoms associated with Charcot-Marie-Tooth Disease, plates and pins in the Plaintiff's right ankle, feet swelling, numbness in the feet, numbness in the hands, lack of reflexes in the knees, hand tremors, hip pain, cardiac dysrhythmia, lumbar pain, extreme fatigue, hypothyroidism, sciatica, and depression should have all been included in the hypothetical posed to the VE.  *Id.* at 18-19.  The Defendant argues the ALJ was not required to include all of the Plaintiff's alleged limitations in the hypothetical questions presented to the VE. (Dkt. No. 7, Pages 18-19).

As an initial matter, the allegedly improper hypothetical was posed at Step 4.  (Tr. 14). The testimony of a VE is not required at Step 4.  *See Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001).  The ALJ's determination can be supported with the testimony of the VE at Step 4, but the VE's testimony is not required at Step 4.  *See id.*; *See Roe v. Carter,* 92 F.3d 672, 674-75 (8th Cir. 1996).  Here, the ALJ's decision was supported by substantial evidence even without the testimony of the ALJ.[7]  The burden is on the Plaintiff at Step 4 to establish that she cannot perform her PRW. *See Cox v. Apfel*, 160 F.3d at 1206.  Here, the Plaintiff has not produced any evidence, other than her subjective complaints, supporting her claim that she cannot perform her PRW.  (Tr. 93-253). These subjective complaints were properly discounted by the ALJ.  (Tr. 13-14).  Since the Plaintiff has not met her burden, the ALJ properly determined the Plaintiff could perform her PRW, and the ALJ's decision should be affirmed.

---

[7] A hypothetical question "is sufficient if it sets forth the impairments which are accepted as true by the ALJ."  *Davis v. Shalala,* 31 F.3d 753, 755-56 (8th Cir. 1994) (quoting *Roberts v. Heckler,* 783 F.2d 110, 112 (8th Cir. 1990)).  In this case, the ALJ accepted as true the Plaintiff's claimed depression, neuropathy, and cardiac dysrhythmia.  (Page 14, Finding 3).  The ALJ, however, failed to submit these impairments to the VE.  (Tr. 282-283).  Since the VE's testimony is not required under Step 4, and the ALJ's determination was supported by substantial evidence even without the responses to this hypothetical, this Court is not required to remand this action to the ALJ.

**4. Conclusion:**

It is the Plaintiff's burden to establish that she is disabled. *See Cox v. Apfel*, 160 F.3d at 1206. This Court has reviewed all of the relevant medical records and briefing in the case, and the Plaintiff has not met her burden in this case. Accordingly, after a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. Accordingly, the Commissioner's decision should be affirmed, and the Plaintiff's complaint dismissed with prejudice. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of April, 2007.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge